# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILBERT M. MARTINEZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3708 |
| | : | |
| THE UNITED STATES OF AMERICA, | : | |
| *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J.** /s/ JLS                                                 **FEBRUARY 14, 2020**

      This matter comes before the Court by way of an Amended Complaint, filed by Plaintiff Gilbert M. Martinez, proceeding *pro se*. (ECF No. 5.) Also before the Court are Martinez's Motions for "Preliminary Injunction Relief[.]" (ECF Nos. 3, 4.) By Order dated September 17, 2019, the Court previously determined that Martinez was not able to afford to pay the filing fee in this action and granted him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 7.) At that time, the Court acknowledged that the Amended Complaint would be screened pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court has now conducted the required screening, and for the following reasons, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. FACTUAL ALLEGATIONS[1]

      Martinez, a *pro se* litigant residing in Reading, Pennsylvania, is well known to this Court. Including the present matter, Martinez has initiated approximately nine *pro se* civil actions in

---

[1] The facts set forth in this Memorandum are taken from the Amended Complaint Martinez filed with the Court (ECF No. 5), and all the documents and exhibits attached thereto. As the Court noted in the September 17, 2019 Order, the Amended Complaint is the operative pleading in this matter. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (noting that "[i]n general,

this District from 2012 through 2019.² The Amended Complaint names the following Defendants: (1) the United States of America;³ (2) the Honorable Michael A. Chagares, United States Circuit Judge for the Third Circuit Court of Appeals;⁴ (3) the Honorable Edward G. Smith, United States District Judge for the Eastern District of Pennsylvania; (4) the Honorable Roslynn Mauskoff, United States District Judge for the Eastern District of New York; (5) the Honorable Rosemary S. Pooler, United States Circuit Judge for the Second Circuit Court of Appeals; (6) the Honorable Debra Ann Livingston, United States Circuit Judge for the Second Circuit Court of Appeals; (7) the Honorable Christopher F. Droney, United States Circuit Judge for the Second Circuit Court of Appeals; (8) the Honorable James Knoll Gardner, United States

---

an amended pleading supersedes the original pleading and renders the original pleading a nullity. … Thus, the most recently filed amended complaint becomes the operative pleading.") (citing *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)) (internal citations omitted).

² *See Martinez v. Social Security Administration*, Civ. A. No. 12-6361; *Martinez v. Social Security Administration*, Civ. A. No. 14-1860; *Martinez v. United States of America*, Civ. A. No. 15-6496; *Martinez v. Fudeman*, Civ. A. No. 16-1290; *Martinez v. United States of America*, Civ. A. No. 17-3264; *Martinez v. Bucci*, Civ. A. No. 17-3268; *Martinez v. Berrios*, Civ. A. No. 18-985; and *Martinez v. Tax Claims Bureau*, Civ. A. No. 19-4087.

³ Although Martinez named the United States of America as a Defendant here, it appears that the only basis for doing so was his mistaken belief that the United States of America could be held liable for the actions taken by federal judges named in this action as their employer on the basis of *respondeat superior*. Pursuant to the Federal Tort Claims Act, however, it is only with respect to tort claims, not civil rights claims, that the United States' role can be described "as equivalent to that of an employer answering under *respondeat superior* liability. *See Lomando v. United States*, 667 F.3d 363, 374 (3d Cir. 2011). Additionally, to the extent Martinez seeks to allege a claim consistent with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), there is no basis for a *Bivens* claim against the United States. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994). Accordingly, the United States of America will be dismissed with prejudice as a Defendant in this action.

⁴ The Amended Complaint misspelled Judge Chagares's first name as Micheal.

District Judge for the Eastern District of Pennsylvania, (now deceased);[5] and (9) the Federal Bureau of Investigations ("FBI"). (ECF No. 5 at 1.)[6]

In the present action, Martinez seeks injunctive relief, compensatory and punitive damages, as well as costs and fees for alleged violations of his rights under a number of state and federal statutes, as well as the Constitutions of the Commonwealth of Pennsylvania and the United States.[7] With respect to the Judicial Defendants,[8] the Amended Complaint alleges a broad-based, wide-ranging conspiracy entered into by all seven Judges, across multiple district and circuit courts, designed to, as Martinez alleges, deprive him of justice by handling his cases

---

[5] The Court takes judicial notice that Judge Gardner passed away on April 26, 2017. See Federal Judicial Center, History of the Federal Judiciary, Judges, Gardner, James Knoll, available at https://www.fjc.gov/history/judges/gardner-james-knoll (last visited February 10, 2020).

[6] The Court adopts the pagination supplied by the CM/ECF docketing system.

[7] Martinez specifically cites the following as the basis for this action:

> [T]itle VII of the Civil Right Act of 1964 (as amended) 42 USC 2000e 42 USC 1981, 42 USC 1983; 42 USC 1985[,] 42 USC 1986, 1st 2nd 4th 5th 6th 7th 8th 9th 14th Amendments of the United States Constitution, 53 Pa[.]C.S.A. § 5607 Municipal Authorities Act, 53 P.S.§ 3102 Water Service Act, 73 P.S.201-1 Pennsylvania Unfair Trade Practices And Consumer Protection Law Act, Social Security Act Title XVI SEC. 1602. [42 U.S.C. 1381a] Public Welfare Code Omnibus Amendments Act of Jun. 30, 2012, P.L. 668, No. 80 Section 403.2. Section 442.1. Title 18 Chapter 57 Wiretapping and Electronic Surveillance Act, The Federal Arbitration Act of 1925, The Child Enforcement Jurisdiction Act of 1935, Article 8 of the NY Family Court Act, The Pennsylvania Patient Bill of rights §5100.53. 18 USC 241, 242 Title 72 P.S. Taxation and Fiscal Affairs § 7304. 72 P.S.4751-102, Article VIII section II(b)(ii) of the Pennsylvania Constitution. Tax Bill of rights Sec.8430, 8431, 8434.

(ECF No. 5 at 1.)

[8] Throughout this Memorandum, the following Defendants will be referred to collectively as the "Judicial Defendants": (1) Judge Michael A. Chagares; (2) Judge Edward G. Smith; (3) Judge Roslynn Mauskoff; (4) Judge Rosemary S. Pooler; (5) Judge Debra Ann Livingston; (6) Judge Christopher F. Droney; and (7) Judge James Knoll Gardner.

3

in ways that violated his civil rights. (ECF No. 5 at 2-4.) For example, Martinez alleges that the Judicial Defendants engaged in a "type of harassment" against him known as "Gang Stalking which is a covert government operation designed to destroy a target such as" Martinez. (*Id.* at 2.) Martinez complains that the Judicial Defendants, acting in concert with the FBI, "deprived [him] of his constitutional rights and equal protection of the laws by fraudulently dismissing substantial claims [in order] to cover-up state judges fraud and Civil criminal acts [so they could] fram[e] [Martinez] for a misdemeanor and a domestic offense, [which] culminat[ed] in stripping [Martinez] of all parenting rights and communication with [his] child since 2012[.]"[9] (*Id.* at 5.)

---

[9] The Amended Complaint makes multiple references to actions taken by various attorneys, state court judges, and other individuals and entities in Pennsylvania and New York that are not named as Defendants in this action. (*See, e.g.*, *id.* ¶ 17 (Carrolyn Donnohoe, Esq.); *id.* ¶ 18 (Judge Scott Lash, Berks County Family Court); , *id.* ¶¶ 19-26, 30-31, 33-34, 36 (Judge Anthony Cannataro, Family Court - Kings County, New York); *id.* ¶ 27 (Deana Balahtsis, Esq.); *id.* ¶ 28 (Michael Carlin, Esq.); *id.* ¶ 29 (Methodist Hospital in Brooklyn, New York); *id.* ¶ 32 (Judges Peter B. Skellos, J.P. Plummer E Loft, Sheri S. Roman, Hector D. Lasalle, appellate judges in the state of New York); *id.* ¶¶ 37-39 (Judge Maria Arias, Family Court - Kings County, New York); *id.* ¶¶ 43, 45, 54 (Assistant Queens County District Attorney, Debra Pomadore); *id.* ¶ 46-47, 54 (Judge Robert Hanophy); *id.* ¶¶ 46, 55 (Scott Cerbin, Esq.); *id.* ¶ 52 (Samuel Katz, Esq.); *id.* ¶¶ 54-55 (Jonathon Latimer, Esq.); *id.* ¶¶ 79, 81-83, 85-87, 93-94, 102-108 (RAWA); *id.* ¶¶ 84, 88, 100 (the City of Reading and its Maintenance Property Division) *id.* ¶¶ 156-157 (Administrative Law Judge Jack Penca); *id.* ¶ 159 (Berks Community Health Center).)

The Court does not read Martinez's Amended Complaint to allege claims against any of these individuals or entities. Rather, the Court understands Martinez's Amended Complaint to allege that the named Judicial Defendants were aware of, and somehow conspired to cause, or otherwise influence, these individuals and entities to take action that, in Martinez's view, impacted him adversely. It appears to the Court that Martinez has included details regarding the alleged actions of these individuals and entities as background to aid the Court's understanding of the nature of this far-reaching conspiracy and how the named Judicial Defendants were involved in that conspiracy in order to violate his civil rights.

Additionally, although not named as Defendants in the caption of the Amended Complaint, it appears that Martinez may seek to allege claims against the Berks County Tax Claims Bureau, Director Stacy Phile, Treasurer Dennis Adams, and the Berks County Assessment Office regarding Martinez's property taxes and the public tax sale of his property. (ECF No. 5 at 49-58, ¶¶ 180-221.) The allegations brought against these individuals and entities are substantially similar in nature, if not identical, to allegations brought by Martinez in a separate civil action, *Martinez v. Tax Claims Bureau*, Civ. A. No. 19-4087. By Memorandum and Order dated September 17, 2019, this Court previously dismissed Martinez's claims against the same

With respect to various individual Judges, Martinez complains about specific rulings the Judges made in a number of prior cases and appeals in which he was involved. (*See, e.g., id.* ¶¶ 2-12, 111 (regarding Judge Edward G. Smith), ¶¶ 15, 42, 53 (regarding Judge Roslynn Mauskoff), ¶¶ 113 (regarding Judge Michael A. Chagares).)

At other times throughout the Amended Complaint, however, Martinez makes broad, conclusory allegations against all Defendants generally and fails to attribute specific actions or facts to any one Defendant. For example, Martinez alleges that the "Defendants had actual and constructive notice that Kings [C]ounty family court [J]udge Anthony Cannataro in the State of New York was acting outside the scope of his jurisdiction by trialing [Martinez] in NY for family offenses alleged to have occurred in the state of Pennsylvania in a conspiracy to defraud, thus refused to act to aide and or protect" Martinez. (*Id.* ¶ 19); *see also id.* ¶ 77 ("The defendants had actual or constructive notice of the pervasive constitutional violations perpetrated by state judges and other acting under state color of law upon" Martinez); *id.* ¶ 146 ("Acting as federal Judges, Defendants worked a denial of Plaintiff['s] rights, privileges and or immunity's secured by the United States Constitution or by Federal law."). The Amended Complaint also makes allegations regarding facts and occurrences where none of the named Defendants were involved at all, beyond Martinez's assertion of a conspiracy. (*See, e.g., id.* ¶ 114 ("Defendants authorized

---

individuals and entities with prejudice as frivolous and malicious pursuant to § 1915 (e)(2)(B)(i) on the basis that the claims were barred by the doctrine of *res judicata*. *See Martinez v. Tax Claims Bureau*, Civ. A. No. 19-4087, 2019 WL 4447631, at *5 (E.D. Pa. Sept. 17, 2019). To the extent Martinez is trying to reallege those same claims in this action, they are similarly barred by the doctrine of *res judicata* and must be dismissed with prejudice. The Court reads these allegations and claims as an attempt by Martinez to vex, injure or harass the individuals and entities who have already litigated these claims and issues. *See Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). There is no question here that Martinez's ongoing attempts to relitigate these tax and property related issues are plainly abusive of the judicial process and constitute his intention to "merely repeat[] pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

5

and consented to the FBI having Planet Fitness maliciously deprive me of paid Gym services for the winter months of November 2018 thru February 2019 so I couldn[']t use the Gym Facilities to bath [sic] while keeping me without running water to my home. I filed a complaint with the Better Business Bureau which stated they will be closing my complaint because the corporation failed to respond to my rebuttal.")

Martinez also names the FBI as a Defendant here and makes a series of allegations that the FBI has essentially broken into his home, spied on him, surveilled him, wiretapped him, and interfered with his internet and cellphone access over the last several years. Among his numerous allegations against the FBI, Martinez claims that the FBI has repeatedly entered his home "in secret" without a warrant and without probable cause, installed a GPS tracking device in his car, wiretapped his internet, and acted "in concert with Ebay sellers [to] send [Martinez] defective security cameras so he would not be able to protect" his home. (*Id.* ¶¶ 124, 129). Martinez also alleges that during the times the FBI "unlawfully" entered his home the FBI: "cut off a rubber leg to a door Guard placing it on the floor inside the back entrance of [the] home to inform" Martinez they had been inside; "broke a plastic bracket off my vacuum which holds the hose in place and placed it in the hall leading to [the] bedroom[;]" and "stabbed [his] kitchen sink leaving a[n] indentation and sliced open [his] garden hose" so that Martinez could not get water from his neighbor's home. (*Id.* ¶¶ 125-127.) Martinez further asserts that the FBI used "a device to change the date and time to [his] DVR recorder to harass [him], and . . . did erase the DVR recordings" when the FBI illegally broke into his home. (*Id.* ¶ 130.) Additionally, Martinez alleges that the FBI has "deleted audio recordings" of conversations with government officials by accessing apps on his cellphone and has utilized a "device that detects and extracts IME numbers from mobile phones in order to spy" on Martinez. (*Id.* ¶¶ 131, 133.) He also

alleges that the FBI has threatened him via illegal wire-taps on the internet and retaliated against him, even going so far as to orchestrate a unlawful stop of Martinez by the City of Reading Police Department in July 2019.  (*Id.* ¶¶ 136-140.)

## II. STANDARD OF REVIEW

The Court previously granted Martinez leave to proceed *in forma pauperis* because it appeared that he was incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or malicious.  A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

"A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995).  In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).  Because Martinez

7

is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att' y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *but see Argentina v. Gillette*, 778 F. App'x 173 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

## III. DISCUSSION

### A. Claims Against the Judicial Defendants are Legally Frivolous

Martinez's Amended Complaint seeks to bring claims for monetary damages against the Judicial Defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which recognized a cause of action for damages for certain constitutional violations committed by federal actors.[10] The Court reads Martinez's Amended Complaint to assert a *Bivens* claim against the Judicial Defendants on the basis of a myriad of judicial decisions they made and orders that entered in cases where Martinez as a party, particularly to the extent those decisions or orders were part of wide-reaching conspiracy against him related to the actions of state court judges or other individuals and entities who are not parties here. Even assuming that *Bivens* could be applied in this context, Martinez's claims fail because the Judicial Defendants are entitled to absolute judicial immunity as set forth below.

So long as they do not act in the complete absence of all jurisdiction, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir.

---

[10] While Martinez cites a laundry list of federal and state statutes as well as the Pennsylvania and United States Constitutions as a basis for this suit, it is clear that, at its core, the Amended Complaint seeks to assert claims for civil rights violations pursuant to *Bivens*. In any event, Martinez has not alleged any legal basis for a claim under the other statutes cited in his Amended Complaint.

8

2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Here, the majority of the allegations Martinez makes against the Judicial Defendants arise from judicial determinations they made and orders they entered in the course of multiple proceedings where Martinez was a party, and he has not set forth any facts suggesting that the Judicial Defendants acted in the complete absence of jurisdiction.[11] Accordingly, the Judicial Defendants are entitled to absolute immunity in these circumstances and these claims will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B)(i). *See Soto v. Sleet*, 458 F. App'x 89, 90 (3d Cir. 2012) (finding that the district court properly dismissed claims by a *pro se* litigant brought against federal district judge as legally frivolous on the basis of judicial immunity where the judge acted in the course of ruling on a motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255); *see also Carter v. All District Federal Judges*, 415 F. App'x 363, 364-65 (3d Cir. 2011) (affirming dismissal of *pro se* litigant's claims against "'All District Federal Judges'" – to the extent her claims were "even intelligible" – on the basis that they consisted of merely vague and conclusory accusations and did not include facts to establish

---

[11] The remaining allegations against the Judicial Defendants are conclusory allegations of a conspiracy that are insufficient to allege a plausible claim against them that falls within the narrow receptions to the doctrine of judicial immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a complaint is insufficient if it "offers [merely] 'labels and conclusions' " or "'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)); *see also Gallas*, 211 F.3d at 768 (recognizing that a judge is immune from damages claims brought under 42 U.S.C. § 1983 unless those claims concern the judge's non-judicial actions or judicial actions "'taken in the complete absence of all jurisdiction'").

that her claims fall within the narrow exceptions to judicial immunity). Martinez's claims against the Judicial Defendants will be dismissed with prejudice since amendment would be futile in light the doctrine of judicial immunity barring these claims.

### B. Conspiracy Allegations Against the FBI

Martinez's allegations regarding the existence of a wide-reaching conspiracy among various federal judges and the FBI specifically designed to target Martinez by what he considers to be adverse judicial rulings, as well as various allegations of wiretapping, spying, surveilling, unlawful entries to his home, and other phone or internet related interference are irrational and wholly incredible. *See Denton*, 504 U.S. at 33.

Federal courts routinely dismiss allegations regarding broad-based conspiracies of computer hacking, surveillance, tracking, and the like, as factually frivolous under § 1915 where these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible. *See, e.g.*, *Barnes-Velez v. Fed. Commc'n Comm'n*, Civ. A. No. 18-634, 2018 WL 4178196, at *1-3 (M.D. Fla. May 8, 2018), *report and recommendation adopted*, 2018 WL 4153937 (M.D. Fla. Aug. 30, 2018) (dismissing *pro se* plaintiff's complaint as frivolous under § 1915(e)(2)(B)(i) and concluding that the complaint made "fanciful, fantastic, and delusional" allegations against the FCC, the FBI, and the NSA asserting that defendants wiretapped plaintiff's home, including her cell phone and home phone, illegally hacked her computer and tablet, installed cameras in her home, tampered with her mail, and disclosed the information obtained from these efforts to third parties); *Morgan v. Unknown FBI Agents*, Civ. A. No. 16-495, 2016 WL 11586214, at *2-3 (W.D. Tx. May 3, 2016), *report and recommendation adopted*, 2016 WL 11586213 (W.D. Tx. May 31, 2016) (concluding that dismissal as frivolous was warranted under § 1915(e)(2)(B)(i) because *pro se* plaintiff's "Complaint [was] paranoid and delusional . . . [where] [s]he believe[d]

that government agents [were] following her, hacking her computer, spying on her with a camera at her home, and implanting devices in her body."); *Riches v. Swartz*, Civ. A. No. 07-379, 2007 WL 2319819, at *1-2 (W.D. Va. Aug. 13, 2007) (finding *pro se* plaintiff's allegations that defendants violated his rights by, among other things, hacking his computer, illegally wiretapping him, phishing, spamming, and code cracking were "clearly fantastic" and dismissing his § 1983 claims as frivolous under § 1915(e)(2)(B)(i)); *cf. Campbell v. Brender*, Civ. A. No. 10-325, 2010 WL 4363396, at *2, 4-5 (N.D. Tx. Oct. 25, 2010) (invoking the court's inherent authority and finding *pro se* plaintiff's claims against two technology companies, federal judges, the Clerk of Court, several lawyers, and a law firm were "precisely the sort of fanciful, delusional claims that merit dismissal" where plaintiff alleged that the companies "conspired with the other defendants to hack into her home computer and certain public library computers" and that the defendants more broadly "conspired to defeat her [prior] employment suit by falsifying court records, burglarizing her home to steal files, hacking into multiple computers, committing mail fraud, obstructing justice, and engaging in racketeering."); *see also Hughes v. Whitlock*, Civ. A. No. 07-1582, 2007 WL 3026910, at *1 (E.D. Mo. Oct. 16, 2007) (granting defendant's Rule 12(b)(6) motion and finding the complaint was "obviously delusional" where

*pro se* plaintiff alleged his neighbors were conducting surveillance on him and hacking his computers on behalf of the United States government).

Consistent with these cases, Martinez's claims against the FBI are dismissed with prejudice on the basis that they are fanciful, fantastic, delusional, irrational, or wholly incredible. Martinez will not be granted leave to amend on these claims as amendment would be futile.[12]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Martinez's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In light of the dismissal of his claims, Martinez's Motions for "Preliminary Injunction Relief" (ECF Nos. 3, 4) are denied. An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

[12] Additionally, any *Bivens* claims against the FBI are legally baseless. *See F.D.I.C*, 510 U.S. at 475.